IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Joshua David Mosley, | ) | Civil Action No. 1:19-cv-01550-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Correctional Officer Katina Scarcella, | ) | |
| Defendant. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 13) recommending that the Court dismiss the case with prejudice. For the reasons set forth below, the Court adopts the R & R as the Order of the Court, and dismisses the case with prejudice.

I. **Background**

Joshua David Mosley ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. He filed this action on May 29, 2019 alleging that pursuant to 42 U.S.C. § 1983, a violation of his civil rights occurred. (Dkt. No. 1.) On June 4, 2019, the Magistrate Judge filed an Order and Notice giving Plaintiff the opportunity to address and correct certain pleading deficiencies in his complaint through the filing of an amended complaint.[1] (Dkt. No. 7.) Plaintiff filed an amended complaint on June 14, 2019. (Dkt. No. 9.) In his amended complaint, Plaintiff alleges he is a pre-trial detainee at the Cherokee County Detention Center. (*Id.* at 2.) He alleges that on May 4, 2019, Officer Katina Scarcella ("Defendant") transferred $500 out of his account under false pretenses. (*Id.* at

---

[1] The Order and Notice noted Plaintiff's complaint failed to allege why South Carolina's post-deprivation remedy is inadequate or unavailable to him. (Dkt. No. 7 at 5.)

5.) Plaintiff asserts Defendant's actions are a violation of the Fourteenth Amendment and he seeks $20,000. (*Id.* at 4, 6.) On June 19, 2019, the Magistrate Judge filed an R & R recommending the Court dismiss Plaintiff's amended complaint for failure to state an actionable claim. (Dkt. No. 13 at 5-6.) On July 3, 2019, Petitioner filed timely objections to the R & R. (Dkt. No. 15.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where the petitioner has not objected, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). The Plaintiff filed objections and the R & R is reviewed *de novo*.

## III. Discussion

After thorough review of the R & R and Plaintiff's timely objections (Dkt. No. 15), the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's case should be dismissed.

Plaintiff proceeds *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. After giving Plaintiff's complaint appropriate liberal construction, it presents a Fourteenth Amendment claim

for deprivation of property without due process. Yet, this claim must be dismissed because the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. 1915(e)(2)(B)(i-ii) (giving the Court authority to dismiss complaint upon a finding the action fails to state a claim on which relief may be granted or is frivolous or malicious.) First, the Magistrate Judge correctly identified Plaintiff's claim does not allege Defendant acted pursuant to an established state procedure. (Dkt. No. 13 at 5.) An actionable claim for relief pursuant to 42 U.S.C. § 1983 must involve (1) a deprivation of any of Plaintiff's "rights, privileges, or immunities secured by the [United States] Constitution and laws" and (2) by a "person" acting under "color of state law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); 42 U.S.C. § 1983. While an authorized, intentional deprivation of property is actionable under the Due Process Clause, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy is available for the loss." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 541-42 (1981). Further, the Due Process Clause is not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Since there is no allegation Defendant acted pursuant to a state procedure and there is a meaningful post-deprivation remedy available, Plaintiff's §1983 claim cannot proceed.

Plaintiff contends that "South Carolina's post-deprivation remedy is unavailable because he 'asked to file a civil suit and was told that [he] cannot.'" (Dkt. No. 9 at 5.) On this point, the Magistrate Judge correctly identified that the amended complaint does not allege why Plaintiff may pursue his claim in this Court, but not pursue the state court post-deprivation remedy. (Dkt. No. 13 at 5-6.) South Carolina law allows a prisoner to bring a civil action in state court for

recovery of personal property against prison officials who deprived them of property without state authorization pursuant to § 15-69-10, *et seq.*, which is considered a post-deprivation remedy sufficient to satisfy due process requirements. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986). Plaintiff's amended complaint does not explain why this state court remedy is not available or is inadequate to him. As such the amended complaint fails to state an actionable claim and is subject to dismissal. 28 U.S.C. 1915 (e)(2)(B)(i-ii).

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 13) as the Order of the Court. Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 26, 2019
Charleston, South Carolina